IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2181-D

| | | |
|---|---|---|
| BENJAMIN HILLIARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THEODIS BECK, | ) | |
| | ) | |
| Respondent. | ) | |

Benjamin Hilliard ("petitioner"), a state prisoner, petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [D.E. 1]. Respondent Theodis Beck ("respondent") moved for summary judgment [D.E. 7], and petitioner responded [D.E. 17]. Petitioner also moved for appointment of counsel [D.E. 22], for default judgment [D.E. 14], for discovery [D.E. 18], for "hearing on procedural defense" [D.E. 20], for a magistrate judge to hear and determine any non-dispositive pretrial matters [D.E. 27], and for judgment on the pleadings [D.E. 28]. As explained below, respondent's motion for summary judgment is granted, and petitioner's motions for appointment of counsel and for discovery are denied. Petitioner's remaining motions are denied as moot.

I.

On July 21, 2005, in Wake County Superior Court, petitioner was convicted of felonious possession of a stolen motor vehicle and was found to be a habitual felon. State v. Hilliard, No. COA06-75, 2006 WL 2807180, at *1 (N.C. App. Oct. 3, 2006) (unpublished). He was sentenced to a term of 90 to 117 months' imprisonment. Id. Petitioner appealed to the North Carolina Court of Appeals. Id.

On October 3, 2006, the Court of Appeals found no error. Id. On April 18, 2007, petitioner filed a pro se motion for appropriate relief ("MAR") in Wake County Superior Court. See Pet. Ex. 1 at 3. The Superior Court summarily denied and dismissed petitioner's MAR on May 3, 2007. See id. at 1. On June 28, 2007, petitioner petitioned the North Carolina Court of Appeals for certiorari, which the Court of Appeals denied on July 12, 2007. See id. at 35, 60.

On October 4, 2007, petitioner filed this habeas petition pursuant to 28 U.S.C. § 2254. He alleges that he received ineffective assistance of trial and appellate counsel and alleges that the prosecutor engaged in misconduct.

II.

Initially, the court addresses three motions that petitioner filed. Petitioner asks this court to appoint counsel to assist him in formulating a defense to respondent's motion for summary judgment. There is no constitutional right to counsel in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." The court does not find that the interests of justice require the appointment of counsel in this case. Accordingly, petitioner's motion for appointment of counsel [D.E. 22] is denied.

Petitioner also filed a motion for default judgment. Petitioner withdrew this motion in his July 9, 2008, motion for judgment on the pleadings [D.E. 28]. Accordingly, petitioner's motion for default judgment [D.E. 14] is denied as moot.

Petitioner also filed a motion for discovery. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). "A judge may, for good cause, authorize a party to conduct discovery." Rules Governing Section 2254 Cases, Rule 6(a). "A party requesting discovery must

2

provide reasons for the request." Id., Rule 6(b). In this case, petitioner has not established good cause for discovery. Therefore, petitioner's motion for discovery [D.E. 18] is denied.

III.

The North Carolina Court of Appeals summarized the facts underlying petitioner's convictions as follows:

> The State's evidence tended to show on 4 December 2004 Jonathan Lloyd ("Lloyd"), a driver for Quality Towing, was towing vehicles to the company's storage lot located at 415 Tryon Road in Wake County, North Carolina. At approximately 11:30 p.m., Lloyd was in the truck with his girlfriend, Alicia Littmath ("Littmath"), when they observed a large black male run outside of the storage lot's fence and hide behind a dumpster. They called 911. Lloyd shined a spotlight on the dumpster, and the man "took off walking nonchalantly [sic]." Lloyd testified that the man had been leaning down near an area where approximately fifty catalytic converters were stored.
>
> After police officers arrived, Lloyd and Littmath provided a description of the man they had observed. A short time later, officers brought back an individual for them to identify. Lloyd and Littmath identified the individual located in the patrol car as the man they had seen. That person was identified as defendant.
>
> At some point, Lloyd found an old pickup truck parked near the storage lot's fence. Upon further inspection of the truck, Lloyd and a Wake County Sheriff's Deputy observed twenty to thirty catalytic converters, mufflers, and tail pipes laying in the bed of the truck. Upon further investigation, it was learned the pickup had been brought to Honeycutt Transmission for repair and had been removed from their lot without permission.

Hilliard, 2006 WL 2807180, at *1–*2.

Respondent seeks summary judgment. Summary judgment is appropriate when, after reviewing the record taken as a whole, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations or denials in

3

its pleading, Anderson, 477 U.S. at 248, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). A mere scintilla of evidence supporting the case is not enough. Anderson, 477 U.S. at 252. The court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-movant's favor. Matsushita Elec. Indus. Co., 475 U.S. at 587.

The standard of review for a state habeas inmate's petition, where the claims have been adjudicated on the merits in the state court, is set forth in 28 U.S.C. § 2254(d). Habeas relief cannot be granted in cases where a state court considered a claim on its merits unless (1) the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or (2) the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in state court. See 28 U.S.C. § 2254(d)(1), (2). A state court decision is "contrary to" Supreme Court precedent if it either arrives at "a conclusion opposite to that reached by [the Supreme] Court on a question of law" or "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite" to that of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 405–06 (2000). A state court decision "involves an unreasonable application" of Supreme Court precedent "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the state prisoner's case." Id. at 407. A state court decision also may apply Supreme Court precedent unreasonably if it extends existing Supreme Court precedent to a new context where it does not apply, or unreasonably refuses to extend existing precedent to a new context where it should apply. Id.

4

> [Section 2254(d)] does not require that a state court cite to federal law in order for a federal court to determine whether the state court's decision is an objectively reasonable one, nor does it require a federal habeas court to offer an independent opinion as to whether it believes, based upon its own reading of the controlling Supreme Court precedents, that the [petitioner's] constitutional rights were violated during the state court proceedings.

Bell v. Jarvis, 236 F.3d 149, 160 (4th Cir. 2000) (en banc). Moreover, a state court's determination of a factual issue is presumed correct, unless the petitioner rebuts the presumption with clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

A.

Petitioner contends that he received constitutionally ineffective assistance of trial counsel. In support, petitioner makes 40 separate allegations that his trial counsel did not conduct an adequate pretrial investigation. Petitioner did not raise these claims on direct appeal, but did raise them in his MAR and his petition for writ of certiorari.

Section 15A-1419(a)(3) of the North Carolina General Statutes provides that a MAR shall be denied when a defendant is in an adequate position to have raised the claim on appeal but did not do so. In this case, the MAR court denied and dismissed petitioner's MAR pursuant to N.C. Gen. Stat. § 15A-1419 because the petitioner sought "to re-litigate the issues that were before the [North Carolina] Court of Appeals or those which could have been raised on appeal." Pet. Ex. 1 at 1. Section 15A-1419(a)(3) is an independent and adequate state procedural bar, precluding federal habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998); see also Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001) (section 15A-1419 is mandatory); McCarver v. Lee, 221 F.3d 583, 588–89 (4th Cir. 2000) (section 15A-1419(a)(3) is an independent and adequate state procedural bar that is consistently and regularly applied even in "the special case" of ineffective assistance of counsel claims). A federal habeas court may not review the merits of a procedurally barred

constitutional claim absent cause and prejudice or a miscarriage of justice. See Brown v. Lee, 319 F.3d 162, 169 (4th Cir. 2003). Petitioner failed to raise his ineffective assistance of counsel claims on direct appeal. See Hilliard, 2006 WL 2807180, at *1. Therefore, these claims were procedurally barred pursuant to N.C. Gen. Stat. § 15A-1419(a)(3).

Petitioner argues that his ineffective assistance of counsel claims were not procedurally barred because, pursuant to McCarver v. Lee, these claims were supposed to be raised in post-conviction proceedings and not on direct appeal. In McCarver, the Fourth Circuit held that a claim for ineffective assistance of counsel may be procedurally defaulted. See McCarver, 221 F.3d at 589. Section 15A-1419(a)(3), however, "is not a general rule that any [ineffective assistance of counsel] claim not brought on direct appeal is forfeited on state collateral review. Instead, the rule requires North Carolina courts to determine whether the particular claim at issue could have been brought on direct review." Id. The North Carolina Supreme Court has held that ineffective assistance of counsel claims raised first on collateral review are procedurally defaulted pursuant to section 15A-1419(a)(3) "when the 'cold record' reveals that no further investigation would have been required to raise the claim on direct review." Lawrence v. Branker, 517 F.3d 700, 715 (4th Cir. 2008) (citing State v. Fair, 354 N.C. 131, 166, 557 S.E. 2d 500, 524 (2001)).

In this case, petitioner's ineffective assistance of counsel claims focus on his counsel's alleged failure to conduct an adequate pretrial investigation. North Carolina courts have addressed claims of this nature on direct appeal. See, e.g., State v. Wood, No. COA07-912, 2008 WL 565419, at *6 (N.C. App. Mar. 4, 2008) (unpublished); State v. Ginn, 59 N.C. App. 363, 375–76, 296 S.E.2d 825, 833–34 (1982) (addressing ineffective assistance of counsel claim based upon defendant's trial counsel's alleged failure to adequately investigate his case). Additionally, petitioner's allegations are conclusory and void of factual support. North Carolina courts also have addressed claims of this

6

nature. See State v. Hagans, __ N.C. App. __, __, 656 S.E. 2d 704, 706 (2008). Finally, the MAR court found that petitioner's ineffective assistance of counsel claims could have been brought on direct appeal. See State v. Hilliard, No. 04-CRS-110490, 05-CRS-9816 (Wake County Super. Ct. May 4, 2007) (unpublished). Petitioner has not presented any evidence to the contrary. Therefore, the court finds that petitioner's ineffective assistance of counsel claims could have been brought on direct review.

Because petitioner did not bring his ineffective assistance of counsel claims on direct review, they were properly procedurally barred. Petitioner fails to show cause or prejudice, or that the failure to consider the issue will result in a fundamental miscarriage of justice. Therefore, petitioner's claims of ineffective assistance of counsel are procedurally defaulted, and the court is precluded from reviewing them.

Alternatively, even if petitioner's ineffective assistance of counsel claims were not procedurally defaulted, they still would fail because his allegations are nothing more than conclusory claims of malfeasance of counsel with no supporting facts or documentary evidence. Conclusory allegations in a section 2254 petition may be summarily dismissed. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); Tucker v. Dixon, No. 95-7372, 1996 WL 417710, at *1 (4th Cir. 1996) (per curiam) (unpublished). Accordingly, even if petitioner's claims were not procedurally defaulted, they would be dismissed.

B.

Petitioner alleged that he received ineffective assistance of appellate counsel because his appellate counsel waived on appeal whether there was sufficient evidence that he possessed the stolen vehicle or knew that the vehicle was stolen. The Sixth Amendment right to appellate counsel includes the right to the effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668,

7

686 (1984). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that counsel's representation was objectively unreasonable and that a reasonable probability exists that, but for the attorney's error, he would have prevailed on his appeal. Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Strickland, 466 U.S. at 687–88). Appellate counsel is not required to assert all non-frivolous issues on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal." Smith, 528 U.S. at 288. Reviewing courts must presume that in determining which issues to appeal, appellate counsel selected those issues most likely to afford relief. See, e.g., Pruett v. Thompson, 996 F. 2d 1560, 1568 (4th Cir. 1993).

Assuming, without deciding, that petitioner is able to establish that his appellate counsel's failure to raise the sufficiency of the evidence argument on appeal was objectively unreasonable, his claim still fails because he has not demonstrated that he would have likely prevailed on appeal. The standard of review for a claim of insufficient evidence on habeas corpus review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Wright v. West, 505 U.S. 277, 284 (1992); Jackson v. Virginia, 443 U.S. 307, 319 (1979).

In this case, petitioner is not able to demonstrate that he would have prevailed on appeal because there is sufficient evidence in the record to demonstrate that he constructively possessed the stolen vehicle. Possession may be actual or constructive. State v. Baldwin, 161 N.C. App. 382, 391, 588 S.E.2d 497, 504 (2003); accord United States v. Gallimore, 247 F.3d 134, 136–37 (4th Cir. 2001). To prove constructive possession, the State must show, "ownership, dominion, or control over the contraband itself or the premises . . . in which the contraband is concealed." United States v. Blue, 957 F.2d 106, 107 (4th Cir. 1992) (quotations and citations omitted); State v. Harvey, 281 N.C. 1, 12, 187 S.E. 2d 706, 714 (1972); States v. Weakley, 176 N.C. App. 642, 654–55, 627 S.E.2d

8

315, 323 (2006). With respect to the possession of stolen goods, the trier of fact may infer theft from "unexplained or falsely denied possession of recently stolen goods." Wright, 505 U.S. at 309; El-Branch v. Garraghty, No. 90-7378, 1992 WL 12282, at *1 (4th Cir. Jan. 29, 1992) (per curiam) (unpublished). "As with other questions of intent, proof of constructive possession usually involves proof by circumstantial evidence." Coleman v. Hardy, No. 3:07CV19-3-MU, 2008 WL 2020182, at *3 (W.D.N.C. May 8, 2008) (unpublished) (quotations omitted); State v. Beaver, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986).

The State presented the following evidence at trial, which supports a finding of constructive possession. The YMCA truck was dropped off at Honeycutt Transmission for repairs, and there were no auto parts in the truck bed or clothing in the cab when the truck was dropped off. Sent'g. Hr'g Tr. vol. II, 26–27, July 18 & 19, 2005. On the night of December 4, 2004, surveillance cameras at Honeycutt Transmission captured the image of a "big individual" standing in front of the YMCA truck at approximately 10:44 p.m. Id. at 126. Throughout the State's presentation of evidence, witnesses consistently described the petitioner as a large man. Id. at 32, 36, 70. The State also presented testimony from Lloyd, an employee of Quality Towing Company, who testified as follows. On December 4, 2004, at approximately 11:30 p.m., he observed petitioner inside the company's fenced enclosure standing near a trailer where the company stored catalytic converters. Id. at 32, 34. Lloyd noticed the YMCA truck was parked approximately 50 to 70 yards away from the trailer containing the catalytic converters, and that the YMCA truck contained approximately 20 to 30 catalytic converters belonging to Quality Towing. Id. at 42–43. The police arrived on the scene and discovered a size 4x jacket in the cab of the YMCA truck. Id. at 27–28, 106–07. The police then brought petitioner to Lloyd for an identification approximately 15 to 20 minutes after Lloyd last saw petitioner. Id. at 61. Lloyd positively identified petitioner. Id.

9

Based on the foregoing, there was sufficient evidence indicating that petitioner constructively possessed the YMCA truck and knew that it was stolen. Viewing the evidence presented at trial in the light most favorable to the prosecution, the court concludes that a reasonable jury could have found petitioner guilty beyond a reasonable doubt of possession of stolen property. Therefore, this claim provides no basis to grant the petition.

Petitioner also alleges that his appellate counsel was ineffective because he failed to argue that petitioner received ineffective assistance of trial counsel. As stated, petitioner's assertions of ineffective assistance of trial counsel are based on nothing more than conclusory allegations, for which petitioner is not entitled to relief. See, e.g., Hagans, 656 S.E. 2d at 706. Additionally, petitioner has not demonstrated prejudice. See Brown, 319 F.3d at 169. Therefore, this claim fails.

Finally, petitioner makes several random allegations in support of his ineffective assistance of appellate counsel claim. However, petitioner has not provided any factual support for these claims. Conclusory allegations in a section 2254 petition may be summarily dismissed. See Blackledge, 431 U.S. at 74; Tucker, 1996 WL 417710, at *1. Accordingly, these conclusory claims provide no basis to grant the petition.

C.

Petitioner alleges that he was subjected to prosecutorial misconduct. Petitioner's prosecutorial misconduct claim consists of the following random statements:

> (1) The prosecutor or his operative coached the witnesses into giving materially false statements to obtain a conviction in violation of the 6th and 14th amendment[s]; (2) The witnesses did not witness a crime, a description of a subject was developed; (3) Deputy Locklear showed the witnesses a photo of the defendant before the show up; (4) Inv. (J.A. Hawely) for District [A]ttorney offices show[ed] the defendant's arrest photo; (5) District [A]ttorney misled the jury to believe that the witnesses' identification[s] [were] from the night of the incident; (6) District [A]ttorney allowed the witnesses to make false statement[s]; (7) District [A]ttorney misled the jury to believe that the witnesses got the defendant's clothing correct, even tho[ugh], they

got it wrong a month before trial; (8) District [A]ttorney showed the witnesses the defendant's arrest photos to help them identif[y] the defendant at trial; (9) District [A]ttorney allowed Deputy Mathews and Inv. J.A. Hawely for District [A]ttorney offices to cut out part of the video[ ]tape, which would have [showed] a different suspect; [and] (10) District Attorney knew that the Deputies of the Wake County Sheriff [D]ept. violate[d] the defendant's 4th Amendment right[.]

Pet. 11-12.

Petitioner has failed to provide any factual support for these claims, nor is there any evidence in the record to support these allegations. As stated, conclusory allegations in a section 2254 petition may be summarily dismissed. See Blackledge, 431 U.S. at 74; Tucker, 1996 WL 417710, at *1. Accordingly, these conclusory claims provide no basis to grant the petition.

In any event, in order to establish a claim for prosecutorial misconduct, a petitioner must demonstrate: "(1) that the prosecutor's remarks and conduct were, in fact, improper and (2) that such remarks or conduct prejudiced the defendant to such an extent as to deprive the defendant of a fair trial." United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007) (citing United States v. Golding, 168 F.3d 700, 702 (4th Cir. 1999)). In this case, petitioner has not provided any evidence that the prosecutor acted improperly. Additionally, petitioner has not explained how he was prejudiced by the alleged prosecutorial misconduct. Moreover, as stated, there is sufficient evidence in the record to establish that petitioner was guilty of possession of the stolen vehicle. Therefore, this claim provides no basis for granting the habeas petition.

IV.

Respondent's motion for summary judgment [D.E. 7] is GRANTED, and petitioner's application for habeas corpus relief [D.E. 1] is DISMISSED. Accordingly, petitioner's motion for judgment on the pleadings [D.E. 28] is DENIED as moot. Petitioner's motions for appointment of counsel [D.E. 22] and for discovery [D.E. 18] are DENIED. Petitioner's motions for default

judgment [D.E. 14], for "hearing on procedural defense" [D.E. 20], and for a magistrate judge to hear and determine any non-dispositive pretrial matters [D.E. 27] are DENIED as moot.

SO ORDERED. This 9 day of July 2008.

JAMES C. DEVER III
United States District Judge