IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2181-D

| | | |
|---|---|---|
| BENJAMIN HILLIARD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| THEODIS BECK, | ) | |
| | ) | |
| Respondent. | ) | |

Benjamin Hilliard ("petitioner" or "Hilliard"), a state inmate, filed this action pursuant to 28 U.S.C. § 2254. On July 9, 2008, the court granted respondent Theodis Beck's motion for summary judgment [D.E. 29], and dismissed petitioner's application for habeas relief. On November 7, 2008, the court denied several motions [D.E. 34], including a motion to amend or alter the judgment. On the same day, Hilliard filed a notice of appeal of the court's July 9, 2008 order [D.E. 35]. On April 24, 2009, the Fourth Circuit denied a certificate of appealability and dismissed the appeal [D.E. 39]. On July 6, 2010, Hilliard filed a "complaint of fraud and misrepresentation N.C.R.C.P. 60(b)(3)" [D.E. 43], which the court construes as a second motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 60(b). As explained below, the motion to alter or amend judgment is denied.

Federal Rule of Civil Procedure 60(b) authorizes the court to "relieve a party ... from a final judgment, order, or proceeding for ... fraud ... , misrepresentation, or misconduct by an opposing party[.]" Fed. R. Civ. P. 60(b)(3). Under Rule 60(b), a movant first must demonstrate that the movant acted promptly, that the movant has a meritorious claim or defense, and that the opposing

party will not suffer prejudice by having the judgment set aside. See, e.g., Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993). If those three threshold conditions are met, the court then must determine whether the movant has satisfied "one of the six enumerated grounds for relief under Rule 60(b)." Id. at 266.

A Rule 60(b) motion does not present another opportunity for a dissatisfied litigant to repackage arguments that the court has considered and rejected. See CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995). "[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion is not authorized by Rule 60(b)," and it is properly rejected by the district court. Id. (quotation omitted). To obtain relief under Rule 60(b), the moving party must satisfy a two-stage inquiry. See, e.g., Gray, 1 F.3d at 264. First, the movant must show (1) timeliness of the motion, (2) a meritorious claim or defense, and (3) lack of unfair prejudice to the opposing party. See, e.g., Heyman v. M.L. Mktg. Co., 116 F.3d 91, 94 n.3 (4th Cir. 1997); Gray, 1 F.3d at 264.

Although Hilliard states that his "motion attack[s] not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal Habeas corpus proceedings[,]" Mot. at 1, it is clear to the court that he is attempting to relitigate issues the court already addressed. Compare Mot. at 5 ("The evidence of possession and stolen used to indict the Petitioner were evidentiary propositions, not evidential facts.") with [D.E. 31 at 1-2] ("The court failed to establish personal knowledge in determining whether the petitioner had requisite control or intent to control or use of the 1971 Ford truck required for constructive possession") and [D.E. 29 at 7] ("Petitioner alleged that he received ineffective assistance of appellate counsel because his appellate counsel waived on appeal whether there was sufficient evidence that he possessed the stolen vehicle or knew that the vehicle was stolen."). Petitioner has not raised any new ground to

2

challenge this court's decision. Therefore, petitioner has not stated a meritorious claim. Because petitioner is unable to state a meritorious claim or defense, he is unable to satisfy the threshold requirements to proceed with a Rule 60(b) motion.

In addition, the motion is untimely. A Rule 60(b)(3) motion must be made within one year after entry of judgment. See Fed. R. Civ. P. 60(c). The court entered judgment on July 9, 2008, but petitioner did not file this motion until July 6, 2010,[1] almost two years later.

In sum, petitioner's motion to alter or amend the judgment [D.E. 43] is DENIED.

SO ORDERED. This 26 day of October, 2010.

JAMES C. DEVER III
United States District Judge

---

[1] Hilliard incorrectly states that the court entered judgment on "9 July 2009[.]" Mot. at 1. Additionally, while Hilliard states that he "placed [the motion] in the prison mailing system on June 1, 2010[,]" Mot. at 9 (emphasis in original), the envelope in which Hilliard mailed the motion bears a postmark of July 1, 2010, and the court filed it on July 6, 2010. Even if the court were to construe the motion as filed on June 1, 2010, it would still be untimely under Rule 60(c).

3